# Balch, Price & Co. *v.* Klein Furnishing Co.

*Creditors Bill to Subject as Equitable Assets the Proceeds of Certain Actions at Law.*

1. *Attachmnts; wrongful issue of, when allegations necessary in creditor's bill.*—In a suit in equity brought by the creditors of an insolvent debtor, where in it is alleged that the debtor is wholly insolvent, that he has suits pending on attachment bonds given by his attaching creditors for the wrongful suing out of the attachments, and the proceeds of these suits are equitable assets liable to be condemned to the satisfaction of the claims of the complainants; and that the plaintiff in the suits on the attachment bonds is about to compromise and dismiss the same; and the bill prays for an injunction and a receiver; a demurrer to the bill was properly sustained and the bill dismissed—the complainants not desiring to amend—it failing to aver that the attachments were wrongfully sued out; this allegation being necessary to show the existence of equitable assets in the proceeds of the suit on the bonds.

APPEAL from the City Court of Birmingham.

Heard before the Hon. H. A. SHARPE.

Balch, Price & Co. and other creditors of the Klein Furnishing Co., filed a creditors' bill, and sought to subject to their claims as equitable assets, the proceeds that might be recovered in certain pending suits wherein the Furnishing Company was seeking to recover damages from certain of its attaching creditors and their bondsmen. It is alleged that these attaching creditors and their bondsmen against whom the damage suits were pending, had bought up the stock of the Furnishing Company with the view and purpose to have the suits dismissed. The prayer of the bill is that a receiver be appointed to conduct and press the suits, and that the proceeds of the same be decreed to be equitable assets, and be applied to payment of the claims of complainants. The bill alleges the insolvency of the Furnishing Company. Demurrer was interposed to the bill on the ground, among others, that it was not alleged that there were any grounds for suing out the attachments mentioned. The demurrer was sustained, and this decree is affirmed.

MOUNTJOY & TOMLINSON, for appellant, contended, that the complainants have only to show the existence of the bonds in the attachment suits, and of the suits thereon, and cited, Wait on Insolvent Corporations, 308; *Reid v. Northwestern R. R. Co.*, 32 Pa. St. 257.

TILLMAN & COMPTON, *contra*.—The bill does not aver that the attachments were wrongfully sued out. In a court of law recovery cannot be had on an attachment bond unless it is averred that the attachment was wrongfully sued out, and a court of equity will not be satisfied with less.—*Calhoun v. Harmon*, 87 Ala. 277.

McCLELLAN, C. J.—There may be two or more grounds upon which the conclusion of the city court might be sustained, but we will consider one only, regarding that as quite sufficient to an affirmance of the decree. It is this: The bill fails to aver that the Klein Furnishing Co. has any cause of action or right of re-

covery against the other respondents, the Enslens, and the Jefferson County Savings Bank in the actions now pending on the attachment bond. ⹂The theory of the bill is, and it can only be maintained upon the idea that Enslen *wrongfully* sued out an attachment against the Klein Furnishing Co. the complainants' debtor, and had it levied on the debtor's property. If the attachment was not wrongful, not only are complainants not injured by it, since its operation only is to give priority to the diligent creditor, which the law favors, but the common debtor, the Klein Furnishing Co. has no claim whatever against the attaching creditor; and when the bill fails to aver the wrongfulness of the attachment, it also fails to show the existence of the alleged equitable assets which it seeks to subject to the debts of the complainants. The demurrer was therefore properly sustained and the bill dismissed (the complainants not desiring to amend).

Affirmed.